IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | No. 4:04-CR-0135 |
| v. | : | |
| | : | (Judge McClure) |
| AKIBA A. MERCER, aka | : | |
| Akiba Abdul Mercer | : | |
| Michael Anthony Ward | : | |
| Michael A. Ward | : | |
| Andrew Wilburn | : | |
| Defendant. | : | |

## **O R D E R**

April 18, 2005

**BACKGROUND:**

On April 12, 2005, defendant Akiba A. Mercer filed a motion *in limine* to exclude evidence of prior bad acts and convictions at trial. No supporting brief accompanied the motion. Nevertheless, Mercer evidently wishes to exclude from trial evidence regarding the bank fraud case against Mercer, the underlying basis for the search warrant executed in connection with the bank fraud case, an alleged confession by Mercer pertaining to drug-related activities, and all other evidence relating to prior bad acts, consistent with Federal Rule of Evidence 404(b). (See Def.'s Mot., Rec. Doc. No. 80, at ¶¶9-12.)

The government filed an opposition brief on April 14, 2005. The

government indicates in its brief that information arising from the bank fraud investigation is direct evidence of Mercer's culpability in the instant drug case. The government also indicates that it will not elicit specific information concerning the bank fraud case.

     The court agrees with the government that Mercer's statements, made in the course of the bank fraud investigation, are admissible direct evidence in the instant drug case. Further, given the government's indication that it will not elicit specific information regarding the bank fraud investigation, the court believes Mercer's motion is moot. General reference to the bank fraud investigation as another investigation that yielded pertinent evidence will suffice to put the pertinent evidence in context for the jury without the risk of their drawing an impermissible inference based on Mercer's prior bad acts. Mercer is free to object at trial if he believes the government is impermissibly offering evidence in contravention of Rule 404(b).

**NOW, THEREFORE, IT IS ORDERED THAT:**

Mercer's motion *in limine* to exclude evidence of prior bad acts and convictions (Rec. Doc. No. 80), is denied.

                                                    s/ James F. McClure, Jr.
                                                    James F. McClure, Jr.
                                                    United States District Judge