IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | No. 4:CR-04-0135 |
| | : | |
| v. | : | |
| | : | (Judge McClure) |
| AKIBA A. MERCER, | : | |
| Defendant | : | |

**MEMORANDUM**

January 9, 2009

**BACKGROUND:**

On October 21, 2005, Mercer was sentenced to 52 months imprisonment based on a conviction for conspiracy to distribute cocaine.  On September 20, 2006, the Third Circuit Court of Appeals denied his appeal.  He did not file a petition for writ of certiorari in the United States Supreme Court.  Thus, his conviction became final when the time for filing such a petition passed, which was December 19, 2006.  On November 15, 2007, Mercer, pro se, filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence.  This motion was filed within the time prescribed by the statute of limitations.  We ordered Mercer to complete a Notice of Election if he so desired, which he did not do.  Thus this

1

action is proceeding as filed pursuant to 28 U.S.C. § 2255.

On January 14, 2008, this court summarily dismissed Mercer's § 2255 motion for failure to plead sufficient facts.  Mercer appealed to the Third Circuit Court of Appeals, and the case was remanded to this court for service on the government.  On November 13, 2008, we directed service on the government and ordered the government to respond to Mercer's motion. The government filed a responsive brief on December 8, 2008.  The time for filing a reply has passed, and thus the matter is ripe for disposition.

Now, for the following reasons, we will dismiss Mercer's § 2255 motion.

**DISCUSSION:**

A motion under 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence.  See Davis v. United States, 417 U.S. 333, 343 (1974).

In his motion, Mercer makes numerous arguments attacking his conviction. First, he argues ineffective assistance of counsel.  (Rec. Doc. No. 144 at 5). Second, he argues that there was prosecutorial misconduct.  (Id. at 6).  Finally, he argues there was structural error in the framework of the trial.  (Id. at 7).

Summary of the Facts

2

The government set forth the facts, as summarized in the Presentence Report as follows:

On December 3, 2003, FBI agents executed a search warrant issued by [the district] court at Akiba Mercer's apartment in State College for evidence of counterfeited checks and bank fraud.  During the search of Mercer's bedroom, the FBI agents observed significant quantities of what appeared to be cocaine packaged for distribution. The agents advised State College Borough Police investigators, who obtained a second search warrant for Mercer's bedroom consistent with state procedures.  Notably, Mercer had identified the room where the drugs were discovered under the dresser as his bedroom, and investigators observed a wallet on the dresser containing Mercer's Pennsylvania drivers' license and other forms of identification with his name on them.

During the execution of the state search warrant, the investigators seized a total of 213 bags of cocaine under a dresser in the closet of Mercer's bedroom.  When discovered, the cocaine was inside a black plastic shopping bag.  The investigators opened the black bag and saw a second blue plastic Wal-Mart shopping bag containing small, one-inch

by one-inch, red and green plastic bags, most of which were grouped in 20-bag increments within approximately eight sandwich-sized plastic bags.

An interview of another occupant of the three bedroom residence revealed that she and another male occupant of the apartment had sold drugs supplied by Mercer. The occupant also identified two women who also sold drugs for Mercer. When interviewed, the other two women and the male occupant told investigators that they had received cocaine from Mercer to sell. The male occupant also described how he had been threatened and harassed by Mercer over drug debts. During the interviews, the women provided investigators with 21 red and green bags of cocaine that they had received from Mercer. The bags were packaged in bags similar to the ones recovered from Mercer's bedroom dresser. Investigators also identified an additional female witness, who had received cocaine from Mercer and also had been harassed and threatened by him in connection with drug debts owed to him.

In addition to the cocaine, during the search of Mercer's bedroom investigators also recovered a notebook containing what appeared to be calculations of drug weights and sales. Inside a trash can within

Mercer's bedroom, they also found an Avis car rental receipt with Mercer's name, numerous ripped plastic bag ends, a lid to a box of zip-lock sandwich bags, and more papers containing what appeared to be drug calculations.  They also recovered a razor blade and a plastic sandwich [sic] on top of the dresser located in the closet where the drugs had been found.  In another dresser the investigators recovered five two-inch by three-inch storage bags and a box of Shurfine brand sandwich bags.  On a night stand, they recovered $105 in cash.

[The prosecutor] asserts that the defendant managed the drug distribution activities of six individuals: Misty Berardi, Daniel Hart, Courtney Jo Shilling, JaNae Yians, Deena Mackey, Mark Rinehart, and Samantha Sirianni.  None of these individuals have been prosecuted in federal court.  The Government further asserts that in addition to distributing cocaine, these individuals also distributed marijuana.

Laboratory reports indicate that a total of 56.1 grams of cocaine were seized.

The Government states that the testimony at trial indicates that Akiba Mercer is responsible for the distribution of at least 100 grams of cocaine and at least two-and-one-half kilograms of marijuana.

Ineffective Assistance of Counsel Claim

The seminal case used to determine whether trial counsel was ineffective is Strickland v. Washington.  466 U.S. 668 (1984).  The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.  Id.  Strickland establishes a two-part test.  Id.  A defendant claiming ineffective assistance of counsel must show (1) that counsel's representation "fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant".  Roe v. Flores-Ortega, 528 U.S. 470, 478 (2000).

Judicial scrutiny of counsel's performance must be highly deferential. Strickland, 466 U.S. at 689.  It is all too tempting for a defendant to second-guess counsel's assistance after conviction or an adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable.  Id.  A court must make every effort to avoid the distorting effect of hindsight and evaluate the conduct from counsel's perspective at that time.  Id.   There is a strong presumption that counsel's conduct was reasonable.  Id.

As the prosecution points out, it is very likely that the outcome of the trial

6

would not have changed, even if counsel had done everything Mercer is asserting should have been done.

Counsel had filed a motion to suppress evidence (Rec. Doc. No. 16), which was withdrawn approximately two weeks later (Rec. Doc. No. 17).  Counsel's praecipe to withdraw states, "Counsel has learned new information from Defendant, not previously disclosed in discovery, making said Motion and the basis for seeking suppression inaccurate."  (Rec. Doc. No. 17).   Mercer sets forth no arguments that withdrawing the motion to suppress was unreasonable, other than to argue that the motion would have been successful.  (Rec. Doc. No. 144-2 at 14).  It is doubtful that the motion to suppress would have been granted to suppress all of the physical evidence against Mercer.  Two separate search warrants were obtained to search Mercer's residence, and the other apartment was searched by consent.  (Rec. Doc. No. 156 at 12).  Mercer has not argued any deficiency with the warrants or the consent search that would support his argument that counsel was ineffective for not pursuing suppression.  Even if we indulge the assumption that the motion to suppress would have been successful, it would not have affected the outcome of the trial.   There were numerous witnesses who testified about receiving controlled substances directly from Mercer. (Rec. Doc. No. 156 at 10).  Counsel was not ineffective for not pursuing suppression.

Mercer also argues that counsel was deficient for failing to call Mercer's landlord to testify that Mercer had gone to the landlord to ask to have Mercer's roommate evicted.  (Rec. Doc. No. 144-2 at 15). However, Mercer's other roommate testified to this point.  (Rec. Doc. No. 156 at 11, <u>citing</u> Trial Transcript). Even if we were to find that counsel's performance was unreasonable for not calling Mercer's landlord, it most certainly would not have affected the outcome at trial, as the information the landlord would have testified to was brought out by Mercer's roommate.

<u>Prosecutorial Misconduct Claim</u>

The standard of review on habeas corpus is whether a prosecutor's improper conduct so infected the trial with unfairness as to make the resulting conviction a denial of due process.  <u>Darden v. Wainwright</u>, 477 U.S. 168, 181 (2986).

Mercer has not set forth any facts that set forth a claim of prosecutorial misconduct. Mercer points to a small quantity of marijuana that was found in the apartment and destroyed.  (Rec. Doc. No. 144-2 at 11).  Mercer argues that by not prosecuting his roommates for the marijuana possession, the prosecution bribed them for their testimony.  However, the government points out that this was fully disclosed at trial, and thoroughly explored on cross-examination of the FBI agent, a police detective, and the roommate.  (Rec. Doc. No. 156 at 10, <u>citing</u> the Trial

Transcript).   Mercer argues that the drugs found in the apartment were attributed

to him through "inuendo [sic] and incinuation [sic]."  (Rec. Doc. No. 144-2 at 12).

However, this is not evidence of prosecutorial misconduct.  In fact, most trials are

not based solely on direct evidence, but on circumstantial evidence.  Use of

circumstantial evidence is not prosecutorial misconduct.  Mercer also argues that

the lab was grossly negligent in testing the drugs, and that the prosecutor knew of

this gross negligence.  Mercer does not set forth any facts to indicate gross

negligence, or knowledge of such.  Mercer does not set forth the facts necessary to

support a claim of prosecutorial misconduct; therefore, this claim will be denied.

Structural Error Claim

    A structural error determination is a case-by-case inquiry.  Neder v. U.S.,

527 U.S. 1, 14 (1999).  Structural errors affect the framework within which the trial

proceeds.  Arizona v. Fulminante, 499 U.S. 279, 310 (1991).  Structural errors are

a special category of errors that should be corrected regardless of prejudice.  U.S.

v. Plotts, 359 F.3d 247, 249 (3d Cir. 2004).  Structural errors require reversal per

se.  Lewis v. Pinchak, 348 F.3d 355, 357 (3d Cir. 2003).  Structural errors have

been found in a very limited class of cases: 1) a total deprivation of the right to

counsel, 2) lack of an impartial trial judge; 3) unlawful exclusion of grand jurors

on the basis of race; 4) denial of the right to self-representation at trial; 5) denial of

9

the right to a public trial; and 6) an erroneous reasonable doubt instruction to the jury.  Id.

Mercer's claim of structural error is a rehashing of his first two claims.  He argues there was structural error because the prosecution allegedly bribed witnesses and because his counsel was ineffective.  Not only are these two arguments simply a restatement of his first two grounds for relief, but also they do not fit into any of the six classes of cases the Third Circuit set forth in Lewis v. Pinchak.  Therefore, we will deny Mercer's claim of structural error.

Consequently, we will deny Mercer's § 2255 motion.


  s / James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA  :
                                                     :              No. 4:CR-04-0135
                                                     :
              v.                              :
                                                   :              (Judge McClure)
AKIBA A. MERCER,            :
                      Defendant      :

**ORDER**

January 9, 2009

For the reasons set forth in this accompanying memorandum,

      **IT IS ORDERED THAT:**

      1.  Mercer's motion for habeas corpus relief pursuant to 28 U.S.C. §2255 is

DENIED.  (Rec. Doc. No. 144).

      2.      There is no basis for the issuance of a certificate of appealability.

                                               s / James F. McClure, Jr.
                                             James F. McClure, Jr.
                                           United States District Judge

11